Meltzer, Lippe, Goldstein & Breitstone, LLP
*Attorneys for 255 Butler Associates LLC*
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
ssteinberg@meltzerlippe.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re<br><br>255 Butler LLC.<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-bk-43575-ESS |

**MOTION OF CREDITOR 255 BUTLER ASSOCIATES LLC FOR
ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
RULE 2004 AUTHORIZING EXAMINATION OF
WITNESSES AND THE PRODUCTION OF DOCUMENTS**

Creditor 255 Butler Associates LLC ("Tenant") in the above-captioned case under Chapter 11 of Title 11 of the United States Code, through its undersigned counsel, hereby moves this Court for entry of an order under Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the issuance of a document and examination subpoena to Maguire Butler LLC ("Maguire"), the Debtor's mortgage lender, and the issuance of a document subpoena to Cathay Bank ("Cathay"), which sold the mortgage to Maguire prior to the commencement of this bankruptcy case. In support of its motion, Tenant respectfully states:

**PRELIMINARY STATEMENT**

Tenant moves for an order pursuant to Rule 2004 allowing it to conduct discovery into two areas that are central to the administration of the Debtor's single asset real estate bankruptcy case: (i) the nature and amount of Maguire's alleged senior secured mortgage claim (the "Mortgage

1

Claim"); and (ii) valuation of the Debtor's property, located at 255 Butler Street, Brooklyn, New York (the "Property").

Discovery is required to understand the nature and amount of the Mortgage Claim. On April 18, 2023, Cathay Bank, which previously held the mortgage on the Property, asserted a claim in its foreclosure complaint of $8.25 million, which total included principal *and* default interest. *See* Ex. 1. Cathay Bank alleged default interest began to accrue on April 17, 2023. Subsequently, Maguire purchased the Mortgage Claim from Cathay Bank. Thereafter, on September 14, 2023, Maguire filed an amended foreclosure complaint, claiming $10.39 million in principal alone, *plus* default interest retroactive to 2015. *See* Ex. 2. Consistent with Maguire's amended foreclosure complaint, the Debtor scheduled the Mortgage Claim in the amount of $13,458,246.13 but categorized it as Unliquidated / Disputed. *See* ECF No. 1. Meanwhile, the Debtor's bid procedures motion (*see* ECF No. 32, the "Bid Procedures Motion") alleges that the Property is subject to the Mortgage Claim in the total sum of $13,458,246.13 as of the petition date. *See* Bid Procedures Motion at ¶ 3. Discovery is required from both Cathay Bank and Maguire to determine precisely how much principal remains outstanding under the loan agreement, and whether Cathay Bank duly sent out notices of default, which would have been a pre-requisite for Maguire's claims to accrue default interest from 2015. It is critical to understand whether Maguire's allowable claim is $8.25 million or $13.5 million.

On a related note, Tenant seeks discovery into the Debtor-Maguire relationship because Tenant has learned that Maguire agreed to release the personal guarantees of Debtor's principals with respect to the indebtedness owing from the Debtor to Maguire, in exchange for Debtor's agreement not to contest the increase in value of Maguire's secured claim against the Debtor. Again, the extent and validity of the Mortgage Claim is integral to resolving the issues between

2

4894-7203-7531, v. 9

Tenant and the Debtor. Moreover, wrongfully inflating Maguire's secured claim could provide the basis for disallowance and/or equitable subordination of that claim.

With respect to the appraisal of the Property, Tenant seeks discovery because a recent appraisal of the Property is relevant to its pending motion to dismiss Debtor's petition and Debtor's pending Bid Procedures Motion.[1] Upon information and belief, Cathay does not oppose Tenant's request. It does, however, require a subpoena prior to providing Tenant with a copy of the appraisal.

## JURISDICTION

This Court has subject matter jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought are section 1109(b) of the Bankruptcy Code and Bankruptcy Rule 2004.

## RELEVANT FACTS

On October 3, 2023, Debtor filed its Chapter 11 petition. The petition's schedules list two secured creditors: Tenant, with a claim for $36,241,836.00; and Maguire, with a claim for $13,458,246.13 (the same amount included in Debtor's recent proposed plan. *See* ECF No. 43.

Tenant's judgment—which forms the basis of its secured claim—was awarded on March 20, 2023. *See* ECF No. 22, Ex. 17. On April 17, 2023, Cathay—the original holder of the first mortgage on the Property, sent a notice of default to Debtor. The notice stated that an Event of Default occurred by reason of Debtor's failure to pay the monthly payment of principal and interest. *See* Ex. 3; NYSCEF Index No. 511468/2023. One day later, on April 18, 2023, Cathay filed a foreclosure complaint against Debtor. The foreclosure complaint stated that the outstanding

---

[1] The Debtor has agreed to extend Tenant's deadline to object to the Bid Procedures Motion pending conclusion of the mediation (discussed below).

principal on the mortgage was $8,114,268.91 and default interest began running on April 17, 2023. *See* Ex. 1.

On June 15, 2023, Cathay assigned its interest in the first mortgage on the Property to Maguire. Thereafter, Maguire filed an amended complaint in the foreclosure action stating that the outstanding principal on the mortgage is $10,338,523.81 and that default interest began running as early as 2015. *See* Ex. 2.

In addition to the first mortgage on the Property, the Maguire indebtedness was collateralized by the personal guarantees of Debtor's two principals, Benjamin Akkad and Nathan Akkad (the "Guarantors"). *See* Ex. 4 (Benjamin Akkad), Ex. 5 (Nathan Akkad). The original schedules filed with the petition listed the Guarantors as co-debtors. *See* ECF No. 1 at 28 (Schedule H). Debtor subsequently filed amended schedules removing the guarantors as co-debtors, and Ariel Akkad, Debtor's representative, admitted at the § 341 meeting that the personal guarantees on the mortgage had been released. The Guarantors were also dismissed out of the pending foreclosure action. *See* ECF No. 35, Ex. 13.

On December 18, 2023, Debtor filed the Bid Procedures Motion, which attached a proposed stalking horse contract from Bokara Group. *See* ECF No. 32. In support of its motion, Debtor represents that Bokara has "already devoted considerable time and effort to the transaction," *id.* at 4, and that the $14.5 million contract is a "starting point for a sale and solid base line to build upon by further marketing of the Property," *id.* at 5.[2]

---

[2] Communications between Debtor and Bokara Group, the stalking horse bidder, are highly relevant to the valuation of the Property, to Debtor's assertions that marketing the property through a bankruptcy sale is likely to lead to a higher bid, and to determining whether the proposed stalking horse bid is an arms' length transaction. That said, Tenant will hold the requests for Debtor until termination of the upcoming mediation (discussed below), in the event such mediation is not successful.

4

With respect to the appraisal, prior to Cathay's assignment of the mortgage to Maguire, it caused an appraisal of the property to be undertaken. *See* ECF No. 22, Ex. 38. Cathay's counsel has indicated that they are willing to provide the appraisal to Tenant, but only pursuant to a subpoena. *See id.*

Following the Bankruptcy Court's suggestion at the December 20, 2023 hearing, the Debtor and Tenant agreed to a mediation regarding the Debtor's proposed bid procedures and Tenant's pending motion to dismiss the bankruptcy case or for relief from stay. The parties are in discussions as to the identity of the mediator, and the scope and date of the mediation.

## RELIEF REQUESTED

Tenant respectfully requests entry of an order under Bankruptcy Rule 2004 authorizing Tenant to issue a subpoena for examination of witnesses and the production of documents from Maguire, *see* Exhibits 6-7; and a subpoena for the production of documents from Cathay, *see* Exhibits 8-9.

## BASIS FOR RELIEF

Bankruptcy Rule 2004(a) provides that "[o]n the motion of any party in interest, the court may order the examination of any entity." Under this Rule, a party in interest may seek both document and oral discovery related to "acts, conduct, or property of the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Bankruptcy Rule 2004(b). Discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, 2009 WL 304672, at *5 (Bankr. E.D. La. 2009). The scope of a Rule 2004 examination is even broader than that of discovery under the Federal Rules of Civil Procedure. *See, e.g., In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr.

S.D.N.Y. 1991); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994).

Here, there can be no doubt that discovery from Maguire and Cathay will yield information about the Debtor's liabilities. The fact that Maguire's secured claim on the Property inexplicably increased from just over $8 million in principal to over $10 million in principal (plus years of default interest) is in and of itself cause to require, by subpoena or otherwise, Maguire to provide documents relevant to its claim. It is critical to understand whether Maguire's allowable claim is $8.25 million or $13.5 million. This requires information related to the amount of outstanding principal on the mortgage and any alleged defaults when Cathay initially filed a foreclosure action, as well as when the mortgage was assigned to Maguire. Furthermore, Tenant is entitled to discovery into whether Maguire's secured claim was inflated in exchange for releasing the personal guarantees of the Debtor's principals. Such an agreement would likely provide grounds for equitable subordination or other relief. *See, e.g.*, *In re LightSquared Inc.*, 511 B.R. 253, 347 (Bankr. S.D.N.Y. 2014); *United States v. State St. Bank & Tr. Co.*, 520 B.R. 29, 85 (Bankr. D. Del. 2014). *See also In re China Fishery Group*, 2017 WL 3084397, at *9-10 (Bankr. S.D.N.Y. 2017) (allowing discovery into creditor over creditor's objection where examination may or may not lead to claim against creditor or against third parties).

Likewise, Cathay's appraisal of the subject Property is plainly relevant. Debtor has made numerous inconsistent statements about the value of the property and has never offered any evidence of its valuation. *See* ECF No. 35, Tenant's Reply Memorandum, at 5-6. Debtor has

moved to sell the Property pursuant to Section 363 of the Bankruptcy Code, rather than the previously authorized Sheriff's Sale, and an appraisal is relevant to whether and how Debtor can reasonably expect a higher offer than the $14.5 million stalking horse bid. Finally, Tenant has moved to lift the stay pursuant to § 362(d)(2); while Debtor does not contest that it lacks equity in the property, the Cathay appraisal may provide further evidence that lifting the stay is appropriate.

## **NO PRIOR REQUEST**

No prior request for the relief sought in this motion has been made to this or any other court.

Wherefore, Tenant respectfully requests that this Court (i) enter an order substantially in the form of the attached proposed order, granting the relief sought herein; and (ii) grant such other and further relief to Tenant as the Court may deem proper.

Dated: Mineola, New York
January 22, 2024

> MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
> *Attorneys for 255 Butler Associates LLC*
>
> By: /s/ Scott A. Steinberg
> Scott A. Steinberg, Esq.
> 190 Willis Avenue
> Mineola, New York 11501
> Tel: (516) 747-0300
> ssteinberg@meltzerlippe.com